**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony Moore, Jr., #188313, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2016-000261

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2018-UP-257
Submitted April 2, 2018 – Filed June 13, 2018

**AFFIRMED**

Joshua Snow Kendrick, of Greenville, and Christopher Shannon Leonard, of Columbia, both of Kendrick & Leonard, P.C., for Appellant.

Tommy Evans, Jr., of Columbia, of South Carolina Department of Probation, Parole and Pardon Services, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *See* S.C. Code Ann. § 24-21-640 (Supp. 2017) (The department "must

not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60."); *Furtick v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 352 S.C. 594, 598, 576 S.E.2d 146, 149 (2003) ("[T]he *permanent* denial of parole *eligibility* implicates a liberty interest sufficient to require at least minimal due process."); *State v. Green*, 412 S.C. 65, 84, 770 S.E.2d 424, 434 (Ct. App. 2015) (finding life imprisonment without parole for a second armed robbery conviction pursuant to a recidivist statute was not cruel and unusual punishment for a defendant who was an adult when he committed the second offense but a juvenile when he committed the first); *id.* at 87, 770 S.E.2d at 436 ("*Miller's* holding was based, in part, on the 'recklessness, impulsivity, and heedless risk-taking' of children; however, because Green was not a juvenile at the time he committed the current armed robbery, the policy considerations from *Miller* are inapplicable." (quoting *Miller v. Alabama*, 567 U.S. 460, 471 (2012))).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.